IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA


SPE GO HOLDINGS, INC.,

         Plaintiff,

v.                                    Civil Action No. 1:09CV66
                                                   (STAMP)
JAMES D. LAROSA and
JAMES J. LAROSA,

         Defendants.


## MEMORANDUM OPINION AND ORDER CONVERTING DEFENDANTS' MOTION TO DISMISS INTO MOTION FOR SUMMARY JUDGMENT, DENYING WITHOUT PREJUDICE DEFENDANTS' MOTION FOR SUMMARY JUDGMENT AND SCHEDULING STATUS AND SCHEDULING CONFERENCE

### I.  Procedural History

     The plaintiff, SPE GO Holdings, Inc. ("SPE GO Holdings"),
filed a complaint against James D. LaRosa and James J. Larosa for
breach of contract stemming from a deficiency balance that remained
on an amended and restated promissory note owed to SPE GO Holdings.
The defendants filed a motion to dismiss to which the plaintiff
responded in opposition and the defendants replied.  For the
reasons set forth below, the defendants' motion to dismiss is
converted into a motion for summary judgment and denied without
prejudice.

### II.  Facts

     SPE GO Holdings is a Delaware corporation and a wholly-owned
subsidiary of Textron Financial Corporation ("Textron").  Textron
provides financing to golf courses across the United States.  On or
about December 19, 2001, Textron issued a line of credit up to

$7,5000.000.00 to Golf and Fairway, LLC ("Golf and Fairway"), a West Virginia limited liability company, in which the defendants hold management and ownership interests. As consideration for this line of credit, Golf and Fairway executed a Promissory Note. As further consideration, the defendants both signed a Guaranty Agreement, in which the defendants agreed to jointly and severally guarantee the full and timely payment of the outstanding balance available to Golf and Fairway under the line and credit, subject to certain exceptions. On or about March 29, 2002, Golf and Fairway, Textron, the defendants, and the trustees under a Deed of Trust securing payment under the line of credit, entered into a Note and Deed of Trust Modification Agreement altering terms of the payment under the Promissory Note.

Thereafter, Golf and Fairway defaulted on its obligations under the Promissory Note. Again, Golf and Fairway, Textron, the defendants, and the trustees under the Deed of Trust executed a Future Advance and Deed of Trust Modification Agreement ("Modified Agreement") dated September 28, 2007. Golf and Fairway also executed an Amended and Restated Promissory Note ("Amended Note"), promising to pay Textron the principal sum of $9,000,000.00, or as may be outstanding under the line of credit, together with interest. As additional security, the defendants entered into an Amended and Restated Guaranty Agreement ("Amended Guaranty Agreement"), in which they jointly and severally guaranteed the

full payment of the outstanding balance made available to Golf and Fairway under the line of credit, subject to several conditions.

On or about August 1, 2008, after Golf and Fairway defaulted on its obligations under the Amended Note and the Modified Agreement, Textron, SPE GO Holdings, Golf and Fairway, the defendants, Burning Embers Corporation, and Club Services Corporation[1] entered into a Deed in Lieu of Foreclosure and Agreement.

Textron subsequently foreclosed on the real estate on August 27, 2008, pursuant to its rights under the Deed of Trust. Textron bid $7,000,000.00 at the foreclosure sale, which was the highest. Textron thereafter assigned its rights and interests in the Amended Note, the Amended Guaranty Agreement, the related loan documents, and any assets and property acquired by Textron as the highest bidder at the foreclosure sale to SPE GO Holdings. Because a deficiency balance remained on the Amended Note after the foreclosure sale, SPE GO Holdings filed the above-styled civil action against the defendants pursuant to the Amended Guaranty Agreement.

---

[1]Burning Embers Corporation and Club Services Corporation are allegedly West Virginia corporations wholly-owned by the defendants. These corporations are not involved in this civil action.

III.  <u>Applicable Law</u>

A.  <u>Motion to Dismiss</u>

In assessing a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), a court must accept the factual allegations contained in the complaint as true. <u>Advanced Health-Care Servs., Inc. v. Radford Cmty. Hosp.</u>, 910 F.2d 139, 143 (4th Cir. 1990).  Dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'"  <u>Id.</u> at 143-44 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989).

Stated another way, it has often been said that the purpose of a motion under Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; it is not a procedure for resolving a contest about the facts or the merits of the case.  5A Charles Alan Wright & Arthur R. Miller, <u>Federal Practice and Procedure</u> § 1356, at 294 (2d ed. 1990).  The Rule 12(b)(6) motion also must be distinguished from a motion for summary judgment under Federal Rule of Civil Procedure 56, which goes to the merits of the claim and is designed to test whether there is a genuine issue of material fact.  <u>Id.</u> § 1356, at 298.  For purposes of the motion to dismiss, the complaint is construed in the light most favorable to the party making the claim and essentially the court's inquiry is

directed to whether the allegations constitute a statement of a claim under Federal Rule of Civil Procedure 8(a). Id. § 1357, at 304, 310.

A motion to dismiss for failure to state a claim under Rule 12(b)(6) should be granted only in very limited circumstances. Rogers, 883 F.2d at 325. A complaint should be dismissed "if it does not allege 'enough facts to state a claim to relief that is plausible on is face.'" Giarratano v. Johnson, 521 F.3d 298, 302 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The facts alleged must be sufficient "to raise a right to relief about the speculative level." Twombly, 550 U.S. at 555.

## B.  Motion for Summary Judgment

Under Federal Rule of Civil Procedure 56(c), summary judgment should be granted if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." The party seeking summary judgment bears the initial burden of showing the absence of any genuine issues of material fact. See Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986). "The burden then shifts to the nonmoving party to come forward with facts sufficient to create a triable issue of fact." Temkin v. Frederick County Comm'rs, 945 F.2d 716, 718 (4th Cir.

1991), <u>cert. denied</u>, 502 U.S. 1095 (1992) (citing <u>Anderson v. Liberty Lobby, Inc.</u>, 477 U.S. 242, 247-48 (1986)).

"[A] party opposing a properly supported motion for summary judgment may not rest upon the mere allegations or denials of his pleading, but . . . must set forth specific facts showing that there is a genuine issue for trial." <u>Anderson</u>, 477 U.S. at 256. The Court must perform a threshold inquiry to determine whether a trial is needed--whether, in other words, "there are any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." <u>Id.</u> at 250; <u>see also</u> <u>Charbonnages de France v. Smith</u>, 597 F.2d 406, 414 (4th Cir. 1979) (Summary judgment "should be granted only in those cases where it is perfectly clear that no issue of fact is involved and inquiry into the facts is not desirable to clarify the application of the law.") (citing <u>Stevens v. Howard D. Johnson Co.</u>, 181 F.2d 390, 394 (4th Cir. 1950)).

"[T]he plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." <u>Celotex</u>, 477 U.S. at 322. Summary judgment is not appropriate until after the non-moving party has had sufficient opportunity for discovery. <u>See</u> <u>Oksanen v. Page Mem'l Hosp.</u>, 812 F.2d 73, 78 (4th Cir. 1990), <u>cert. denied</u>, 502 U.S. 1074 (1992).

In reviewing the supported underlying facts, all inferences must be viewed in the light most favorable to the party opposing the motion. See Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587 (1986).

<h2 style="text-align:center">IV.  <u>Discussion</u></h2>

**A.  <u>Converting Defendants' Motion to Dismiss into Motion for Summary Judgment</u>**

As an initial matter, this Court discusses the defendants attaching a copy of the Deed in Lieu of Foreclosure to their motion to dismiss.  A motion to dismiss must be treated as a motion for summary judgment under Federal Rule of Civil Procedure 56 "where materials outside the pleadings are presented to and not excluded by the court."  Fed. R. Civ. P. 12(d).  <u>See</u> <u>Laughlin v. Metro., Washington Airports Auth.</u>, 149 F.3d 253, 260-261 (4th Cir. 1998).  However, all parties must be given notice when a court is treating a Rule 12(b)(6) motion as a motion for summary judgment.  <u>Gay v. Wall</u>, 761 F.2d 175, 177 (4th Cir. 1985).  Moreover, "[o]nce notified, a party must be afforded 'a reasonable opportunity for discovery' before a Rule 12(b)(6) motion may be converted and summary judgment granted."  <u>Id.</u> (quoting <u>Johnson v. RAC Corp.</u>, 491 F.2d 510, 515 (4th Cir. 1974)).

"While 'reasonable opportunity' requires notice that the court is 'treating the 12(b)(6) motion as a motion for summary judgment with the consequent right in the opposing party to file counter affidavits or pursue reasonable discovery,' it does not require

formal notification by the court." Piner v. E.I. Dupont De Nemours
& Co., 238 F.3d 414, at *5 (4th Cir. 2000) (unpublished). Here,
the plaintiff was aware that matters outside the pleadings,
specifically the Deed in Lieu of Foreclosure, was attached to the
defendants' motion to dismiss. Indeed, the plaintiff even attached
the Deed in Lieu of Foreclosure Agreement to its response. Thus,
the plaintiff had notice that the defendants' motion to dismiss
could be converted into a motion for summary judgment.

The plaintiff argues that a motion for summary judgment is
premature because the parties have not yet had the opportunity to
conduct reasonable discovery. Nevertheless, the plaintiff has
failed to submit an affidavit under Federal Rule of Civil Procedure
56(f) explaining why it could not adequately oppose the defendants'
motion. That rule provides the following:

> (f) WHEN AFFIDAVITS ARE UNAVAILABLE. If a party
> opposing the motion shows by affidavit that, for
> specified reasons, it cannot present facts essential to
> justify its opposition, the court may:
>
> (1) deny the motion;
>
> (2) order a continuance to enable affidavits
> to be obtained, depositions to be taken, or
> other discovery to be undertaken; or
>
> (3) issue any other just order.

Fed. R. Civ. P. 56(f). Accordingly, this Court finds that it can
properly convert the defendants' motion to dismiss into a motion
for summary judgment. See Laughlin, 149 F.3d 253 (holding that
converting motion to dismiss into motion for summary judgment was
proper "[b]ecause appropriate notice was ample, [the plaintiff's]

8

attorney had the responsibility, if he thought further discovery was necessary to adequately oppose summary judgment, to make a motion under Rule 56(f).") (internal citations omitted).

This Court finds that the defendants' argument that their motion to dismiss can be decided without converting it into a motion for summary judgment is without merit. "Although as a general rule, extrinsic evidence should not be considered at the 12(b)(6) stage, [the Fourth Circuit has] held that when a defendant attaches a document to its motion to dismiss, 'a court may consider it in determining whether to dismiss the complaint [if] it was integral to and explicitly relied on in the complaint and [if] the plaintiffs do not challenge its authenticity.'" Am. Chiropractic Ass'n v. Trigon Healthcare, Inc., 367 F.3d 212, 234 (4th Cir. 2004) (internal citations omitted). See also Cortec Indus., Inc. v. Sum Holding L.P., 949 F.2d 42, 48 (2d Cir. 1991) ("Where plaintiff has actual notice of all the information in the movant's papers and has relied upon these documents in framing the complaint, the necessity of translating a Rule 12(b)(6) motion into one under Rule 56 is largely dissipated."); Pension Benefit Guar. Corp. v. White Consol Indus., Inc., 998 F.2d 1192, 1196 (3d Cir. 1995) ("[A] court may consider an indisputably authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document."); Phillips v. LCI Intern., Inc., 190 F.3d 609, 618 (4th Cir. 1999) ("We note that although the stockholders failed to attach that article to their complaint ([the

defendant] attached it to its motion to dismiss), a court may consider it in determining whether to dismiss the complaint because it was integral to and explicitly relied on in the complaint and because the plaintiffs do not challenge its authenticity."); Venture Assocs. Corp. v. Zenith Data Sys. Corp., 987 F.2d 429, 431 (7th Cir. 1993) ("Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim.").

Here, neither the Deed in Lieu of Foreclosure or the Deed in Lieu of Foreclosure Agreement were referenced or relied upon in the plaintiff's complaint. Accordingly, these documents are considered documents outside of the pleadings. Because this Court does not exclude the documents, it must, therefore, convert the defendants' Rule 12(b)(6) motion to one of summary judgment. For the reasons stated above, this Court finds that it can decide the motion for summary judgment at this time.

B. Merits of Defendants' Motion for Summary Judgment

The defendants advance several arguments in support of their motion. First, they allege that the plaintiff's acceptance of the Deed in Lieu of Foreclosure discharges the debt obligation on the Promissory Note, as well as the guarantors. The defendants also argue that the acceptance of the Deed in Lieu of Foreclosure extinguished the Deed of Trust.

In response, the plaintiff argues that the Deed in Lieu of Foreclosure did not extinguish the entire indebtedness due under the Amended Note and the Amended Guaranty Agreement. Rather, the plaintiff argues that this Deed in Lieu of Foreclosure was intended only as additional security for the Amended Note. The plaintiff also argues that the defendants' contention that the Deed in Lieu of Foreclosure extinguished the Deed of Trust is contrary to both applicable law and the actual language contained therein.

After a thorough review of the record, this Court finds that it must deny the defendants' motion for summary judgment. The defendants base their argument on the following language contained in the Deed in Lieu of Foreclosure:

> Declaration of Consideration or Value: Under, in accordance with, and pursuant to the provisions of Article 22 of Chapter 11 of the West Virginia Code, Grantor hereby declares that the property transferred by the document to which this declaration is appended has been transferred for and <u>in consideration of Lender's covenant not to sue or otherwise bring any action or claim against Grantor to collect on the Note</u>, which as of the date of this deed has an aggregate outstanding balance of Nine Million Seven Hundred Sixty-nine Thousand Thirty-eight Dollars and Forty-two Cents ($9,769,038.42), and is the applicable amount upon which the applicable excise taxes should be based.

(Def.'s Mot. to Dismiss, Ex. A, at 3) (emphasis added). Nevertheless, earlier in the Deed in Lieu of Foreclosure, it states:

> Grantor and Grantee hereby covenant and agree that this deed shall not merge with or into the Deed of Trust and/or Assignment and that the Deed of Trust and Assignment shall not merge with or into this deed and <u>that it is the intent of Grantor and Grantee that the Deed of Trust and Assignment shall remain of full force</u>

and effect and that the Deed of Trust shall remain as and
continue to be and constitute a valid, perfected, first
priority lien on and against the Property and that Lender
shall have the right to exercise and pursue all rights
and remedies against the Property provided for under, in
accordance with, and pursuant to the Deed of Trust and
Assignment as Lender shall elect in its sole and absolute
discretion subsequent to the execution, acknowledgement
[sic], delivery, and recording of this deed, including,
without limitation, the right of foreclosure.

(Def.'s Mot. to Dismiss, Ex. A, at 2) (emphasis added).

Furthermore, the Deed in Lieu of Foreclosure Agreement states in

pertinent part:

Survival and Non-Merger: The Parties, each and all,
hereby covenant and agree that (1) the Loan Documents
shall remain binding, enforceable, and of full force and
effect, (b) the indebtedness, obligations, and
liabilities evidenced by, represented by, and/or created
and arising under the Loan Documents are not and shall
not be released, cancelled, terminated, novated, or
extinguished by this Agreement, (c) the execution and
delivery of this Agreement shall in no way, manner, or
nature impact, impair, affect, or release any of the
collateral and security for the Loan or any indebtedness,
obligations, and liabilities of Borrower, BEC, or
Guarantors under the Loan Documents.

(Pl.'s Resp., Ex. A. at 8.)

This Court finds that these provisions create a genuine issue

of material fact regarding whether the Deed in Lieu of Foreclosure

extinguished the indebtedness under the Amended Note and the

Amended Guaranty Agreement, thereby releasing the defendants as

guarantors under the loan documents, as well as the intention of

the parties in entering the Deed in Lieu of Foreclosure and Deed in

Lieu of Foreclosure Agreement.

Where a reasonable jury could draw different conclusions as to

liability from the facts in evidence, summary judgment must be

denied. <u>Pierce v. Ford Motor Co.</u>, 190 F.2d 910, 915 (4th Cir. 1951). The plaintiff's claims present genuine factual issues that cannot be properly decided by this Court at this time. Based upon the arguments and evidence provided to the Court, whether the Deed in Lieu of Foreclosure and Deed in Lieu of Foreclosure Agreement extinguished the guarantors' obligations under the Amended Note and Amended Guaranty Agreement is a genuine issue of material fact that may be reasonably resolved in favor of either party. Accordingly, summary judgment must be denied.

C.  <u>Motion to Dismiss</u>

This Court notes, however, that even if it did not convert the defendants' motion to dismiss into a motion for summary judgment, but instead decided such motion purely as a motion to dismiss, the defendants' motion would still be denied. As stated above, dismissal is appropriate pursuant to Rule 12(b)(6) only if "'it appears to be a certainty that the plaintiff would be entitled to no relief under any state of facts which could be proven in support of its claim.'" <u>Id.</u> at 143-144 (quoting <u>Johnson v. Mueller</u>, 415 F.2d 354, 355 (4th Cir. 1969)); <u>see also</u> <u>Rogers v. Jefferson-Pilot Life Ins. Co.</u>, 883 F.2d 324, 325 (4th Cir. 1989). Construing the complaint in the light most favorable to the plaintiff this Court cannot find that the plaintiff may not be entitled to relief in support of its claims under the applicable motion to dismiss standards cited above.

## V. Conclusion

For the reasons set forth above, the defendants' motion to dismiss is CONVERTED into a motion for summary judgment, and is hereby DENIED WITHOUT PREJUDICE, subject to refiling pursuant to a scheduling order to be entered by this Court.

Additionally, in light of this holding, this Court finds that it would be beneficial to conduct a status and scheduling conference in this civil action. Accordingly, it is ORDERED that the parties appear for a status and scheduling conference on **February 8, 2010 at 3:15 p.m.** in the chambers of Judge Frederick P. Stamp, Jr., Federal Building, Twelfth and Chapline Streets, Wheeling, West Virginia 26003. **Prior to this conference, the parties shall meet and confer regarding proposed scheduling dates including dates for completion of discovery, filing of dispositive motions, and trial.**

The Court will permit those out-of-town attorneys having their offices further than forty miles from the Wheeling point of holding court on this conference to participate in the conference by telephone. However, any such attorney shall advise the Court prior to the conference of his or her intention to participate by telephone and shall (1) inform all counsel of his or her appearance by telephone; (2) confer with other out-of-town attorneys to determine if they wish to appear by telephone; (3) advise the Court of the name of the attorney who will initiate the conference call and all such attorneys appearing by telephone; and (4) initiate a

timely conference telephone call with such attorneys to the Court at 304/233-1120 at the time of the scheduled conference. If the attorneys cannot reach agreement as to the initiator of the call, the Court will make that determination.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this memorandum opinion and order to counsel of record herein.

DATED:    January 26, 2010

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE