IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

SPE GO HOLDINGS, INC.,

    Plaintiff,

v.                                      Civil Action No. 1:09CV66
                                                       (STAMP)
JAMES D. LAROSA and
JAMES J. LAROSA,

    Defendants.

**MEMORANDUM OPINION AND ORDER
CONFIRMING THE PRONOUNCED ORDER OF THE COURT
GRANTING PLAINTIFF'S MOTION TO CONFIRM NON-JURY TRIAL**

I.  Background

The plaintiff, SPE GO Holdings, Inc. ("SPE GO Holdings"), filed a complaint against James D. LaRosa and James J. Larosa for breach of contract stemming from a deficiency balance that remained on an amended and restated promissory note owed to SPE GO Holdings. The complaint did not contain a jury demand.[1] The defendants filed a motion to dismiss, which this Court converted into a motion for summary judgment and denied without prejudice. Following the denial of the motion to dismiss, the defendants filed an answer to the complaint. The answer did not contain a jury demand. At a status and scheduling conference held on March 15, 2010, the parties discussed the question of whether a jury demand had been made and the Court noted that the case would proceed to a jury trial _if_ a jury demand had been made. Although the March 15, 2010

---

[1] In fact, the civil cover sheet attached to the complaint further confirms that a jury demand was not included in the complaint.

scheduling order provides deadlines for proposed jury instructions and voir dire and indicates that jury selection will be held on January 11, 2011,[2] neither party objected to the Court's finding that there would be a jury selection in connection with the trial. SPE GO Holdings then filed a motion for summary judgment, to which the defendants responded and the plaintiff replied.[3] After the plaintiff's motion for summary judgment was fully briefed, the plaintiff filed a motion to confirm a non-jury trial. Pursuant to this Court's order, the defendants filed a response to the motion to confirm a non-jury trial. In this response, the defendants raised, for the first time, the argument that based upon the forum selection clause in the deed in lieu of foreclosure agreement, this Court is without jurisdiction to proceed in this action.[4] This Court then directed the plaintiff to file a response solely addressing the issue of subject matter jurisdiction. The plaintiff responded, and the defendants then replied.

The parties appeared at the Wheeling point of holding court for oral argument on the motion to confirm a non-jury trial and the response thereto, at which time the undersigned judge granted the

---

[2]This trial date has since been rescheduled for January 18, 2011.

[3]While the Court has not yet issued an order or a memorandum opinion and order regarding the plaintiff's motion for summary judgment, the undersigned judge sent a letter to counsel for the parties confirming his ruling as to the motion for summary judgment, which is denied.

[4]This Court has construed the defendants' response as a motion to dismiss pursuant to the forum selection clause.

motion to confirm a non-jury trial.[5] This memorandum opinion and order hereby confirms the pronounced order of the Court and grants the plaintiff's motion to confirm a non-jury trial.

II. Applicable Law

A. Jury Demand

The Federal Rules of Civil Procedure set forth the requirements for a jury demand in federal court. Rule 38 states in pertinent part:

> (b) Demand. On any issue triable of right by a jury, a party may demand a jury trial by:
> (1) serving the other parties with a written demand--which may be included in a pleading--no later than 14 days after the last pleading directed to the issue is served;
> (2) filing the demand in accordance with Rule 5(d).
>
> . . .
>
> (d) Waiver; Withdrawal. A party waives a jury trial unless its demand is properly served and filed. A proper demand may be withdrawn only if the parties consent.

Fed. R. Civ. P. 38(b),(d).

This rule is supplemented by Rule 39(b), which states that "[i]ssues on which a jury trial is not properly demanded are to be tried by the court. But the court may, on motion, order a jury trial on any issue for which a jury might have been demanded." Fed. R. Civ. P. 39(b).

Resolution of a Rule 39(b) motion is "committed to the discretion of the trial court." Malbon v. Pennsylvania Millers

---

[5] This ruling was confirmed in the undersigned judge's letter to counsel dated January 6, 2011.

3

Mut. Ins. Co., 636 F.2d 936, 940 (4th Cir. 1980). In deciding whether to grant a Rule 39(b) motion, courts may be guided by the following four factors:

> (1) whether the issues are more appropriate for determination by a jury or a judge (i.e., factual versus legal, legal versus equitable, simple versus complex); (2) any prejudice that granting a jury trial would cause the opposing party; (3) the timing of the motion (early or late in the proceedings); and (4) any effect a jury trial would have on the court's docket and the orderly administration of justice.

Id. at 940 n. 11 (citations omitted).

A number of courts have also considered a fifth factor--the reason for the failure to make a timely jury demand. See Farias v. Bexar County Bd. of Trustees for Mental Health Retardation Services, 925 F.2d 866, 873 (5th Cir.), cert. denied, 502 U.S. 866 (1991); Kitchen v. Chippewa Valley Sch., 825 F.2d 1004, 1012-13 (6th Cir. 1987); Mardesich v. Marciel, 538 F.2d 848, 849 (9th Cir. 1976). The Supreme Court of the United States has also noted, in dicta, that a district court's discretion generally is guided by "the justifiability of the tardy litigant's delay and the absence of prejudice to his adversary." Pierce v. Underwood, 487 U.S. 552, 562 (1988).

B.  Motion to Dismiss Pursuant to Forum Selection Clause

This Court reviews a motion to dismiss pursuant to a forum selection clause under Federal Rule of Civil Procedure ("Rule") 12(b)(3) as a motion to dismiss on the basis of improper venue. Sucampo Pharmaceuticals, Inc. v. Astellas Pharma, Inc., 471 F.3d 544, 548-50 (4th Cir. 2006). Because a motion to dismiss under

4

Rule 12(b)(3) is a disfavored 12(b) motion, a defendant must raise the forum selection issue in his first responsive pleading, or waive the clause. <u>Id.</u> at 549; <u>see</u> Fed. R. Civ. P. 12(h)(1).

### III. <u>Discussion</u>

A. <u>Motion to Confirm Non-Jury Trial</u>

In support of its motion to confirm a non-jury trial, the plaintiff argues that none of the parties ever made a proper jury demand pursuant to Rule 38(b). In response, the defendants point to the Seventh Amendment to the United States Constitution, Rules 38 and 39 of the Federal Rules of Civil Procedure, and this Court's March 15, 2010 scheduling order in support of their argument that the plaintiff's motion to confirm a non-jury trial should be denied. Specifically, the defendants cite to the language of Rule 38(a), which provides that "[t]he right of trial by jury as declared by the Seventh Amendment to the Constitution--or as provided by a federal statute--is preserved to the parties inviolate." Fed R. Civ. P. 38(a). Further, the defendants contend that the Court's scheduling order, which references proposed jury instructions and voir dire deadlines and notes that the scheduled trial will include jury selection, is proof that the Court and the parties contemplated a jury trial in this case. According to the defendants, the plaintiff waived its objection to a jury trial by failing to raise it sooner, and the Court may order a jury trial pursuant to Rule 39(b) of the Federal Rules of Civil Procedure.

Because neither party in this case made a jury demand, the defendants rely upon the scheduling order and the discretion provided to the court in Rule 39(b) in support of their request for a jury trial. While the scheduling order does contain references to a jury trial, the language used by the Court in its scheduling order does not constitute a jury demand by a party in accordance with Rule 38(b). Therefore, this Court finds that the defendants' reliance upon the scheduling order is misplaced.

Applying the <u>Malbon</u> factors to this action, this Court concludes that the defendants' motion for a jury trial must be denied and the plaintiff's motion to confirm a non-jury trial granted. As to the first factor, whether the issues are more appropriately determined by a jury, this Court observes that to determine whether the plaintiff prevails on its breach of contract claim, the factfinder will be required to consider the testimony of the two lawyers who drafted the agreements at issue and who disagree as to the meaning of these documents. The factfinder must also analyze these fairly complex agreements between the parties. Because the parties' have indicated that their understanding of the deed in lieu of foreclosure agreement is diametrically opposed, this Court finds that it is sufficiently complex to probably warrant a bench trial. Therefore, this factor weighs somewhat against granting the motion.

The second factor, whether the plaintiff will be prejudiced by granting a jury trial, also counsels against granting the motion.

This Court finds that SPE GO Holdings has justifiably relied on the assumption that the case would be tried to the Court throughout the motion practice and discovery, and that SPE GO Holdings has prepared its defense of this suit and coordinated its trial strategy accordingly. Therefore, this factor weighs against granting the motion.

The third factor identified by Malbon is the timing of the motion for a jury trial. Here, the motion was made in the defendants' response to the plaintiff's motion to confirm a non-jury trial, very late in the proceedings. Until this time, the defendants never submitted a supplemental filing to indicate they sought a trial by jury. Even after the March 15, 2010 status and scheduling conference, during which the Court indicated that this case would only go before a jury if a jury demand was made, the defendants took no action to request a jury trial. Under these circumstances, this Court finds that the timing of the filing weighs against granting the motion for a jury trial.

Under the fourth factor of the Malbon analysis, this Court considers what effect, if any, a jury trial would have on the Court's docket and on the orderly administration of justice and finds that allowing a jury trial would have little impact on either. This factor, therefore, does not appear to weigh in favor of or against granting the motion.

Considering the additional factor which other courts have considered, the reason for the failure to make a timely jury

demand, this Court is not persuaded by the defendants' argument that because the scheduling order references a jury trial, the parties were operating under the assumption that this case would be tried before a jury. At the March 15, 2010 status and scheduling conference, the parties discussed the apparent lack of a jury demand, yet the defendants never filed a Rule 38(b) motion, nor did they object to proceeding with a bench trial. The reason for the defendants' long delay in requesting a jury trial does not appear to this Court to justify granting a jury trial at this late stage of the proceedings.

Because three of the four <u>Malbon</u> factors weigh against granting the motion for a jury trial, and the fourth factor is neutral, and because the defendants have not offered a persuasive reason justifying the long delay in their request for a jury trial, this Court concludes that the defendants' motion for a jury trial must be denied and the plaintiff's motion to confirm a non-jury trial must be granted.

B.  <u>Motion to Dismiss</u>

The defendants' response to the motion to confirm a non-jury trial argues that due to the existence of a forum selection clause in the deed in lieu of foreclosure agreement, which specifies that the parties "agree and consent to the jurisdiction of and to venue in the Circuit Court of Monongalia County, West Virginia" concerning any litigation dealing with the agreement, this Court is without jurisdiction to proceed in this action. (Deed in Lieu of

Foreclosure at 11). In response, the plaintiff argues that the defendants waived their right to assert an improper venue argument because they did not raise it in the first responsive pleading. The defendants' reply does not address the plaintiff's contention that the motion to dismiss based upon the forum selection clause is treated as a motion to dismiss on the basis of improper venue under Rule 12(b)(3).

"[M]otions to dismiss based upon form-selection clauses are cognizable as motions to dismiss for improper venue." Sucampo, 471 F.3d at 549 (quoting Lipcon v. Underwriters at Lloyd's, Long, 148 F.3d 1285, 1290 (11th Cir. 1998)). "Further, because a motion under Rule 12(b)(3) is a disfavored 12(b) motion, a defendant will have to raise the forum selection issue in her first responsive pleading, or waive the clause." Id.; see Fed. R. Civ. P. 12(h)(1). This approach not only results in the efficient disposition of forum selection clause cases, but it also conserves judicial resources on cases that would ultimately have to be dismissed and litigated in another forum. Id.

In this case, the defendants failed to raise their forum selection clause argument in either their original motion to dismiss or their answer to the complaint. Accordingly, the defendants waived their right to assert an improper venue argument. Even though the defendants couch their argument in terms of a motion to dismiss for lack of subject matter jurisdiction, the United States Fourth Circuit Court of Appeals has confirmed that it

must be analyzed as a motion to dismiss for improper venue. Rule 12(b)(1) is not the appropriate vehicle for analyzing a motion to dismiss based on a forum selection clause. Id. at 548-49. Given the fact that the defendants waived their right to argue improper venue, this Court need not discuss the forum selection clause itself and whether it should be construed as mandatory or persuasive.

## IV. Conclusion

For the reasons stated above, the plaintiff's motion to confirm a non-jury trial is GRANTED, confirming the pronounced order of the Court.

IT IS SO ORDERED.

The Clerk is directed to transmit a copy of this order to counsel of record herein.

DATED:   January 11, 2011

/s/ Frederick P. Stamp, Jr.
FREDERICK P. STAMP, JR.
UNITED STATES DISTRICT JUDGE